UNITED STATES of America,

v.

**Harry Ralph NEAL, Appellant.**

Nos. 02–2054, 02–2579.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit LAR
34.1(a) on Sept. 4, 2003.

Decided Nov. 7, 2003.

Bonnie R. Schlueter, Brendan T. Conway, Christine A. Sanner, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Kenneth M. Weidaw, III, Kenneth M. Weidaw, III & Associates, McMurray, PA, for Appellant.

Before SLOVITER, NYGAARD and ROTH, Circuit Judges.

OPINION

ROTH, Circuit Judge.

Harry R. Neal appeals his January 18, 2002, conviction of four counts of bank robbery and armed bank robbery in violation of 18 U.S.C. § 2113(a) and § 2113(d) and his February 7, 2002, conviction of one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). These actions were consolidated for sentencing and the District Court for the Western District of Pennsylvania sentenced Neal to concurrent terms totaling 87 months imprisonment followed by a five-year term of supervised release. On appeal, Neal raises the issue of whether the affidavit supporting the search warrant leading to his arrest was sufficient to sustain a determination of probable cause justifying denial of his Motions to Suppress Evidence.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. 3742(a). When a warrant is challenged on the grounds that the issuing magistrate judge's determination was in error, we inquire whether there was a "substantial

basis" for finding probable cause. *United States v. Ninety–Two Thousand Four Hundred Twenty–Two Dollars and Fifty–Seven Cents ($92,422.57)*, 307 F.3d 137, 146–47 (3d Cir.2002).

On December 21, 2000, and February 9, 2001, two banks on Pittsburgh's south side were robbed by a man witnesses described as a short, thin white male with a mole. Surveillance photographs taken during these robberies were subsequently published in the South Pittsburgh Reporter. After seeing these photographs, a confidential informant came forward and identified Neal as the man in them. Agents of the Federal Bureau of Investigation (FBI) obtained a criminal history of Neal, which revealed a prior robbery conviction, and a driver's license photograph, which bore a strong resemblance to the individual depicted in surveillance photographs from the robberies.

Based on information provided by the informant, and the subsequent investigation, the FBI agents obtained a warrant to search Neal's home. This search revealed items listed on the warrant, as well as a firearm.

Neal alleges that the affidavit accompanying the warrant contained no statement about the reliability of an unknown informant, the affiant's personal knowledge, corroborating information regarding the identification of Neal or circumstances that would lead the court to conclude evidence of a crime would be found in Neal's apartment. We find that the search warrant was valid as the probable cause determination was proper.

In determining whether the search warrant was supported by probable cause, we apply the totality of the circumstances analysis to determine whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213,

238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We need not determine whether probable cause actually existed, only whether there was a "substantial basis" for the issuing magistrate judge's finding of probable cause. *Jones v. United States* 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

The affidavit here set forth evidence showing that on February 9, 2001, a white male armed with a hoax bomb robbed the Promistar Bank. He was later described by a teller as 5′2″ to 5′3″ with a thin build, black greasy hair, a mustache, moles on his face and in his late 30's to early 40's. Neal is a 40–year–old, 5′6″ white male with brown hair. In addition, both Neal's driver's licence photograph and the surveillance photographs of the robber showed a man with a mole on his face and a mustache. There was a strong resemblance between the man in the surveillance photographs and Neal's license photograph. We conclude that this showing is sufficient to establish probable cause.

Moreover, the lack of a history of accurate tips does not negate the informant's veracity. *Illinois v. Gates*, 462 U.S. 213, 237–38, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Here, the informant provided information about Neal that was later independently corroborated by the FBI. Because the record shows that the FBI agents independently verified the information provided by the confidential informant, the informant's reliability was established.

For the foregoing reasons, we will affirm the judgment of conviction of the District Court.